J-S03024-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JAMES L. DAVIS | : | |
| | : | |
| Appellant | : | No. 857 WDA 2021 |

Appeal from the PCRA Order Entered June 24, 2021
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0014499-2016

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JAMES L. DAVIS, JR. | : | |
| | : | |
| Appellant | : | No. 858 WDA 2021 |

Appeal from the PCRA Order Entered June 24, 2021
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0013163-2016

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JAMES DAVIS, JR. | : | |
| | : | |
| Appellant | : | No. 859 WDA 2021 |

Appeal from the PCRA Order Entered June 24, 2021
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0012603-2017

J-S03024-22

BEFORE:   LAZARUS, J., SULLIVAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY SULLIVAN, J.:                    **FILED: APRIL 11, 2022**

James L. Davis appeals from the orders dismissing his timely first Post Conviction Relief Act[1] (PCRA) petitions in the above-captioned cases.[2]   We affirm.

The relevant procedural history of Davis's consolidated appeals is as follows.   Davis was charged at docket 13163 of 2016 with criminal homicide and other offenses in the shooting death of Antonio Troutman (the "homicide case").   He was subsequently charged with persons not to possess firearms relating to the same event at docket 12603 of 2017 (the "firearms case").   Davis was also charged at docket 14499 of 2016 with receiving stolen property ("RSP") and possessing a controlled substance with the intent to deliver ("PWID") arising from an arrest in his girlfriend's apartment where the police found heroin and a stolen gun ("the RSP and PWID cases").

A jury found Davis guilty of voluntary manslaughter, tampering with evidence, and carrying a firearm without a license in the homicide case.[3]   Prior

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] **See** 42 Pa.C.S.A. §§ 9541-9546.

[2] Davis separately filed notices of appeal as required by **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018), and **Commonwealth v. Johnson**, 236 A.3d 1141 (Pa. Super. 2020), *appeal denied*, 242 A.3d 304 (Pa. 2020).  This Court consolidated the appeals *sua sponte*.

[3] Davis elected not to testify at the homicide trial following a consultation with his trial counsel and an extensive colloquy by the trial court.  **See** N.T., 5/14-5/17/18, at 387-92.

- 2 -

to sentencing in that case, Davis pled guilty to all charges in the firearms case and the RSP and PWID cases. The trial court sentenced Davis, at all three dockets, to an aggregate fifteen to thirty years of imprisonment. On direct appeal, this Court concluded that Davis's challenges to the sufficiency and weight of the evidence lacked merit but found his challenge to the discretionary aspects of his sentence waived because his brief failed to include a Pa.R.A.P. 2119(f) statement. *See Commonwealth v. Davis*, 222 A.3d 825 (Pa. Super. 2019) (unpublished memorandum at *17-19). Davis did not file a petition for allowance of appeal.

Davis filed timely, counseled PCRA petitions in all three cases.[4] In its answers, the Commonwealth objected to Davis's failure to include witness certifications for trial counsel and direct appeal counsel. The PCRA court issued Pa.R.Crim.P. 907 notices of intent to dismiss Davis's petitions without a hearing. Davis responded to the Rule 907 notices. On June 24, 2021, the court entered the orders dismissing Davis's petitions. Davis timely appealed, and he and the PCRA court complied with Pa.R.A.P. 1925.

Davis raises the following issues, which we have reordered for our review:

1. Whether [Davis's] PCRA [p]etition[s] should have been granted where [direct appeal] counsel's failure to file a concise statement of the reasons relied upon for allowance of appeal

---

[4] With leave of the court, Davis also filed an amended PCRA petition in docket 13163 of 2016.

with respect to the discretionary aspects of sentencing effectively deprived him of his right to appellate review . . ..

2. Whether [Davis's] PCRA [p]etition[s] should have been granted where [trial] counsel advised him not to testify . . ..

3. Whether Davis'[s] PCRA petitions should have been granted where trial counsel advised him to plead guilty to firearms and drug charges as his sentences would be concurrent to his sentence at [No. 2016-13163] and he would receive an overall sentence of 4 to 8 years.

4. Whether [Davis's] PCRA [p]etition[s] should not have been dismissed for failing to attach verified statements of trial and appellate counsel where [Davis] did not intend to call them as witnesses and h[e was] not required to call them as witnesses.

Davis's Brief at 4.

The standards of review governing our review of an order dismissing PCRA petitions are well settled:

We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any ground if the record supports it. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary.

***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa. Super. 2012) (internal citations omitted).

- 4 -

To prevail on a claim of ineffective assistance of counsel, a PCRA petitioner must demonstrate:

(1) that the underlying claim has arguable merit; (2) that no reasonable basis existed for counsel's actions or failure to act; and (3) that the petitioner suffered prejudice as a result of counsel's error. To prove that counsel's chosen strategy lacked a reasonable basis, a petitioner must prove that an alternative not chosen offered a potential for success substantially greater than the course actually pursued. Regarding the prejudice prong, a petitioner must demonstrate that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's action or inaction. Counsel is presumed to be effective; accordingly, to succeed on a claim of ineffectiveness[,] the petitioner must advance sufficient evidence to overcome this presumption.

*Commonwealth v. Johnson*, 139 A.3d 1257, 1272 (Pa. 2016) (internal citations and quotation marks omitted). A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim. *Commonwealth v. Martin*, 5 A.3d 177, 183 (Pa. 2010).

Davis first claims that counsel was ineffective *per se* for failing to preserve his sentencing claim on direct appeal.

While a petitioner alleging ineffectiveness of counsel must establish all three prongs of an ineffective assistance claim, *see Johnson*, 139 A.3d at 1272, under narrow circumstances, including an actual or constructive denial of counsel, he may assert a claim of ineffectiveness *per se*. *See Commonwealth v. Rosado*, 150 A.3d 425, 429 (Pa. 2016); *see also Commonwealth v. Reed*, 971 A.2d 1216, 1221 (Pa. 2009) (holding that a

claim of *per se* ineffective assistance of counsel, if established, presumes prejudice without requiring the petitioner to demonstrate actual prejudice).

Errors by counsel that completely foreclose appellate review constitute ineffectiveness *per se.* **See Rosado**, 150 A.3d at 433. However, counsel is not ineffective *per se* where his actions or inactions only narrow the ambit of an appeal. **See Reed**, 971 A.2d at 122 (concluding that "the filing of an appellate brief, deficient in some aspect or another, does not constitute a complete failure to function as a client's advocate" to establish a claim of ineffectiveness *per se*); **see also Commonwealth v. Reaves**, 923 A.2d 1119, 1128-29 (Pa. 2007) (holding that where counsel's failure to file post-sentence motions did not foreclose appellate review of appellant's entire claim, counsel was not ineffective *per se*).

Davis contends that he was completely denied the assistance of counsel on direct appeal because direct appeal counsel waived his sentencing issue by failing to file a Rule 2119(f) statement. However, as the PCRA court noted, on direct appeal this Court addressed two of Davis's issues on the merits. **See** Order, 6/24/21, at 2 (citing **Davis**, 222 A.3d at 825). The PCRA court, therefore, properly concluded that direct appeal counsel's failure to file a Rule 2119(f) statement did not completely foreclose Davis's right to a direct appeal. Thus, Davis's assertion that he stated a claim of ineffectiveness *per se* lacks merit. **See Reaves**, 923 A.2d at 1128-29; **see also Johnson**, 139 A.3d at 1272.

Davis next contends that the PCRA court erred in dismissing his claim that counsel was ineffective for advising him not to testify at the homicide trial. The following principles inform our review.

The decision of whether or not to testify on one's own behalf is made by the defendant after full consultation with counsel. ***Commonwealth v. Sandusky***, 203 A.3d 1033, 1075 (Pa. Super. 2019). "[W]here a defendant voluntarily waives his right to testify after a colloquy, he generally cannot argue that trial counsel was ineffective in failing to call him to the stand." ***Commonwealth v. Rigg***, 84 A.3d 1080, 1086 (Pa. Super. 2014).

Here, the PCRA court explained that Davis's assertion that trial counsel interfered with his right to testify was "directly contradicted" by the colloquy at trial. Rule 907 Notice, 5/25/21, at 4-5. The court concluded that Davis's allegations did not rebut the record evidence that he voluntarily waived his right to testify. ***Id***. at 6.

The record demonstrates that Davis voluntarily waived his right to testify following an extensive colloquy. ***See*** N.T., 5/14-5/17/18, at 387-92. We agree with the PCRA court that Davis's self-serving allegations were insufficient to overcome the evidence of record, particularly when he failed to provide any evidence to support his claim that trial counsel interfered with his right to testify. ***See Rigg***, 84 A.3d at 1086. Thus, the PCRA court's dismissal of this claim is supported by the record and free of legal error. ***See Ford***, 44 A.3d 1190, 1194 (Pa. Super. 2012) (internal citations omitted). No relief is due.

In his third issue, Davis asserts that the PCRA court erred in dismissing his claim that trial counsel's ineffectiveness caused him to enter involuntary guilty pleas in the weapons and RSP and PWID cases. It is well-settled that:

> [a]llegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

***Commonwealth v. Hickman***, 799 A.2d 136, 141 (Pa. Super. 2002) (internal citations and quotation marks omitted). "[A] defendant is bound by the statements which he makes during his plea colloquy." ***Commonwealth v. Orlando***, 156 A.3d 1274, 1281 (Pa. Super. 2017) (internal citations omitted). "As such, a defendant may not assert grounds for withdrawing the plea that contradict statements made when he entered the plea." ***Id***. (internal citation omitted).

Davis alleges that trial counsel advised him he would receive an aggregate sentence of four to eight years in prison. Davis contends that the PCRA court abused its discretion because "[e]ven if his guilty plea colloquy and statements made during the guilty pleas hearing are considered, he still has a right to rely on the advice of counsel." Davis's Brief at 37.

The PCRA court dismissed Davis's claim. It noted that in his written and oral guilty plea colloquies, Davis stated that no promises had been made to induce his pleas. ***See*** Rule 907 Notice, 5/25/21, at 5-6.

Our review of the record confirms that the record supports the PCRA court's finding that counsel did not induce Davis to enter his pleas. **See** N.T. Guilty Plea Hearing/Sentencing Hearing, 8/8/19, at 7;[5] Written Colloquy, at 1, 9. Davis's colloquies contain his averments that there were no agreements as to the sentencing, that sentencing was at the trial court's discretion, and that the trial court could impose consecutive or concurrent sentences. **See** N.T., 8/8/19, at 4-5; Written Colloquy, at 2, 8. Based on this record, the PCRA court did not commit legal error by concluding that Davis's plea was not induced by trial counsel's alleged advice concerning a sentence of four to eight years. **See Orlando**, 156 A.3d at 1281; **cf. Commonwealth v. Fowler**, 893 A.2d 758, 765 (Pa. Super. 2006) (concluding, in part, that a petitioner's claim that plea counsel's statements about a likely sentence did not induce the defendant's guilty plea when "any misconceptions about the sentence . . . were dispelled by the written and oral plea colloquies").[6] For these reasons,

_____

[5] We note that because Davis failed to ensure that the record contained a copy of the plea hearing transcript, we could find his issue waived. **See Commonwealth v. Houck**, 102 A.3d 443, 456-57 (Pa. Super. 2014) (noting that when an appellant fails to ensure the presence in the certified record of a transcript necessary for review, this Court can dismiss the claim). However, we have obtained a copy of the transcript following an informal inquiry to the PCRA court and decline to find Davis's claim waived on that basis.

[6] Davis's reliance on **Commonwealth v. Hickman**, 799 A.2d 136 (Pa. Super. 2002), is misplaced. There, plea counsel advised his client to accept a negotiated plea based on the erroneous belief that his client was statutorily eligible for early release. This Court found counsel ineffective and vacated the plea. **Id**., 799 A.2d at 141-42. In contrast to **Hickman**, Davis fails to establish or even assert that counsel gave him legally erroneous advice that prejudiced him.

we conclude that the record supported the PCRA court's findings of fact and find no legal error in the dismissal of Davis's claim that trial counsel induced him into entering involuntary guilty pleas. **See Ford**, 44 A.3d at 1194.

In his fourth issue, Davis argues that the PCRA court erred in dismissing his petitions due to his failure to attach certifications for trial and direct appeal counsel to support his ineffective assistance claims. The PCRA statute requires that a petitioner requesting an evidentiary hearing include either "a certification signed by each intended witness stating the witness's name, address, date of birth and substance of testimony" or "a certification, signed by the petitioner or counsel, stating the witness's name, address, date of birth and substance of testimony." 42 Pa.C.S.A. § 9545(d)(i)-(ii); **see also** Pa.R.Crim.P. 902(A)(15). The failure to substantially comply with the certification requirements renders the proposed witness's testimony inadmissible. **See** 42 Pa.C.S.A. § 9545(d)(1)(iii).

Davis asserts that witness certifications were unnecessary because his own allegations were sufficient to compel the grant of relief. Davis also argues that the PCRA court erred by not granting him leave to amend his petitions in its Rule 907 notices.

As noted above, the PCRA court determined that Davis's ineffectiveness claims are meritless. Because those determinations are amply supported by the record, Davis's certification claim could not entitle him to relief. In any event, we discern no abuse of discretion in the PCRA court's conclusion that Davis's failure to include witness certifications was fatal to his claims because

he could not sustain those claims based solely on his own allegations. *See* Rule 907 Notice, 5/25/21, at 4-6; *accord Commonwealth v. Brown*, 767 A.2d 576, 583 (Pa. Super. 2001) (concluding that a PCRA court did not abuse its discretion by failing to conduct an evidentiary hearing when the petitioner failed to provide any certifications for potential witnesses).

We also reject Davis's assertion that Rule 907 required the court to allow him to amend his PCRA petition. Nothing in Rule 907 supports Davis's contention that the court must grant leave to amend the petition. Rather, it is incumbent on the petitioner to seek leave to amend a PCRA petition in response to a Rule 907 notice. *See Commonwealth v. Smith*, 121 A.3d 1049, 1053-54 (Pa. Super. 2015) (noting that the purpose of Rule 907 notice is to allow a petitioner an opportunity to seek leave to amend a PCRA petition to correct material defects).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/11/2022